MANUEL CALDERÓN, Plaintiff and Appellee, v. UNKNOWN HEIRS OF CHARLES M. BOERMAN, Defendants and Appellants.

No. 4004. Argued January 26, 1928.—Decided March 6, 1928.

*Leopoldo Tormes* for the appellants. *Ramón C. Juliá* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Manuel Calderón filed a complaint in the District Court of San Juan against the unknown heirs of Charles M. Boerman praying for the division of a rural property and alleging that the plaintiff was the owner of seven-eighths of the property while Charles M. Boerman was the owner of the other eighth which by reason of his death descended to his heirs, who are unknown to the plaintiff; that no agreement has ever existed between the co-owners of the property that it be kept undivided, and that the plaintiff had not been able to demand a division from the said heirs because he did not know who they were. The defendant heirs having defaulted, Mary L. Fordham, known as Mrs. Charles M. Boerman, entered appearance in the suit and demurred to the complaint on the ground of lack of facts sufficient to constitute a cause of action, and as executrix, heir and judicial administratrix of the estate of Charles M. Boerman, she answered the complaint by denying the facts alleged. After trial judgment was rendered sustaining the complaint and ordering the division between the parties of the real property referred to in the complaint, provided that the defendants represented by the judicial administratrix, Mrs. Mary L. Fordham Boerman, should join the plaintiff in the execution of a deed for the division of the said property, admonishing them that if that was not done within ten days after the judgment became final a partitioner would be

appointed at the instance of any of the parties to make such partition and deliver to each party his corresponding share.

From that judgment Mrs. Boerman has taken the present appeal and alleges as its first ground her general demurrer for lack of facts to constitute a cause of action in that the complaint does not allege that the property is possessed by the owners in undivided common; that the division of the property can not be made without impairing the value of the property, and that if the division be made the property would be rendered unfit for the use to which it is dedicated. Those averments are not necessary in this case because from the complaint it appears that the parties are co-owners of the property and therefore they possess it in undivided common; because it is not required by sections 407 to 413 of the Civil Code, which refer to the partition of community property, that the division should not impair the value of the property, and because it need not be alleged that if the division is made the property would not be rendered unfit for the use to which it is dedicated, inasmuch as rural properties because of their nature are generally subject to division and if their division should render them unfit for the use to which they are dedicated, it is a fact to be alleged as a defense against their division. Therefore, the first error assigned by the appellant can not be sustained.

In the second ground of appeal it is alleged that the judgment rendered in the suit is erroneous because it does not determine which party defendant should act in the division, inasmuch as the party appearing to be really interested in the property never was before the court, nor entered appearance, nor was summoned.

As we have said, the unknown heirs of Charles M. Boerman were summoned by publication and the judicial administratrix representing them appeared in the suit, but the appellant says that as she has shown that the estate was

divided by a partitioner; that the joint interest which Mr. Boerman had in the said property was awarded, with the district court's approval, to Esther Bessie Boerman, who lives in Russia, and that such decision is final, the court below should have suspended all proceedings in this suit and ordered that the person interested in the property be summoned personally.

Under section 51 of the Special Legal Proceedings Act the judicial administrator of the estate of a decedent represents him in all legal proceedings begun by or against him before his death, and in those which may be instituted afterwards by or against the estate, and therefore under that statute the judicial administratrix herein represents the estate of Boerman, and it must be considered that she continues so to act not only because she stated it, but because in this case it has not been shown that the person to whom the joint interest in the property was awarded and who lives in Russia has taken possession of it. Besides, the appellant testified that the division of Boerman's estate is pending on appeal in Boston and its effects are stayed, and that there is a suit which may annul any partition made by the partitioner, for which reason until the heir may take possession of that interest its representation as part of the decedent's estate is in Mrs. Boerman, who is the one that must intervene in the division of the property herein involved. The case of *Rivera* v. *Fernández,* 33 P.R.R. 567, cited by the appellant, has no relation to the present case.

In the third assignment of error it is alleged, without argument, that the judgment is contrary to the evidence for the reasons alleged in the second assignment which we have already considered.

For the foregoing reasons the judgment appealed from must be affirmed.

Mr. Justice Texidor took no part in the decision of this case.